IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| OKANOGAN HIGHLANDS ALLIANCE, a Washington non-profit corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Case No. 07-792-KI |
| vs. | ) ) ) | OPINION AND ORDER |
| U.S. FOREST SERVICE, U.S. DEPART-MENT OF AGRICULTURE; CALVIN N. JOYNER, in his official capacity as Deputy Regional Forester, Pacific Northwest Region and JAMES L. BOYNTON, in his official capacity as Okanogan Forest Supervisor, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| and | ) ) | |
| CROWN RESOURCES CORPORATION, | ) ) | |
| Defendant-Intervenor. | ) ) | |

Page 1 - OPINION AND ORDER

Erin Madden
Cascadia Law Firm, P.C.
4803 S.E. Woodstock, #135
Portland, Oregon 97206

Roger Flynn
Jeffrey C. Parsons
Western Mining Action Project
P.O. Box 349
Lyons, Colorado 80540

    Attorneys for Plaintiff

David W. Gehlert
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, Colorado 80294

    Attorney for Defendant

David A. Bledsoe
Robert A. Maynard
Perkins Coie, LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregno 97209-4128

    Attorney for Applicant-Defendant-Intervenor

KING, Judge:

Plaintiff Okanogan Highlands Alliance ("OHA") filed this action in the District of Oregon alleging that the United States Forest Service violated numerous federal environmental statutes concerning the Buckhorn Access Project. This project provides for use of National Forest Service land in conjunction with the development of an underground gold mine on Buckhorn Mountain, near the community of Chesaw in northeastern Okanogan County,

Page 2 - OPINION AND ORDER

Washington. Before the court is Federal Defendants' Motion to Transfer Venue (#23). For the reasons below, I grant the motion and transfer this action to the Eastern District of Washington.

## DISCUSSION

Defendants and intervenor Crown Resources Corporation ("Crown"), owner of the Buckhorn Mine, ask that I transfer this action to the Eastern District of Washington under 28 U.S.C. § 1404(a). Defendants note that OHA is apparently headquartered in Tonasket, Washington in the Eastern District of Washington, the mine is located in the Eastern District of Washington, and the Forest Service personnel who prepared the EIS and signed the Record of Decision, as well as Crown's personnel, are all located in the Eastern District of Washington.

OHA argues that its choice of forum must be given substantial weight. To exhaust administrative remedies, OHA had to seek review of the challenged Forest Service decision by filing an administrative appeal with the Forest Service Deputy Regional Forester, Pacific Northwest Region, whose office is in Portland, Oregon. Under Forest Service regulations, OHA contends that the complete administrative record does not exist in Washington because the appeal documents, generated in Portland, are part of the record and documents generated in Washington had to be sent to the Regional Office in Portland. OHA argues that the Tonasket Ranger District and the Okanogan National Forest Supervisor's offices are both over 150 miles from Spokane, site of the Eastern District of Washington, so little convenience is gained by transferring the case there. If the case is transferred, OHA is concerned about its ability to secure a preliminary injunction before National Forest resources are destroyed. OHA also argues that the local aspect of the controversy should not sway the analysis because the legal issues raised by the Regional Forester's action have region-wide, if not national, import. OHA contends that the

Page 3 - OPINION AND ORDER

outcome of the case will set a precedent for how the Forest Service grants road access to private land holdings and mining claims across the western United States.

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Factors to be weighed in a motion to transfer venue under the statute include: (1) the location where relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) plaintiff's choice of forum; (4) the parties' contacts with the forum; (5) contacts relating to plaintiff's cause of action in the forum; (6) differences in the cost of litigation in the two forums; (7) availability of compulsory process to compel the attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir.), cert. denied, 121 S. Ct. 307 (2000).

Venue is correct in this action under 28 U.S.C. § 1391(e) in both the District of Oregon or the Eastern District of Washington. Defendants reside in Oregon but the land is located in the Eastern District of Washington and a substantial part of the events giving rise to the claim occurred there.

Because the claims in this environmental case are likely to be resolved by cross motions for summary judgment based on a review of the administrative record, many of the factors informing the interest of justice analysis do not apply. I realize that OHA filed a motion for a preliminary injunction which might require live testimony, particularly concerning the hardship factor. I am also aware that many preliminary injunctions are litigated with the use of declarations rather than live witnesses. It is likely that the impact of the facts are more in dispute than the facts

Page 4 - OPINION AND ORDER

themselves, making argument more important than live testimony. In my experience, the administrative record for environmental cases has been supplied on compact discs lately, making the location of the records of little importance. Thus, the availability of compulsory process and ease of access to sources of proof are neutral factors.

Forest Service activity occurred in both districts, although I presume that more activity took place in Washington to formulate the original decision than in Oregon during the appeal. This factor weighs slightly in favor of transfer. Both courts are familiar with the federal environmental laws at issue here, making that factor neutral.

Because the other factors are generally neutral, I primarily must weigh OHA's choice of forum against the interest of "having localized controversies decided at home." Center for Biological Diversity and Pacific Environment v. Kempthorne, No. C-07-0894-EDL (N.D. Cal. July 12, 2007) (quoting Piper Aircraft v. Reyno, 454 U.S. 235, 241 n.6 (1981)) (collecting environmental cases transferred from the District of the District of Columbia, where the federal agency resided, to the district where the affected land, plants, or animals were located).

OHA admits that the environmental and other resource degradation caused by the mine and its industrial haul road construction would be felt in the local area. Defendants and Crown further note that the economic aspects of the Buckhorn Access Project and production at the mine will be felt locally as well. Although OHA argues about the importance of the Forest Service setting a precedent in this decision, I am not persuaded that the precedential concern outweighs the importance of either possible environmental degradation near the mine or economic difficulties in the local area if the project is delayed or stopped. The effects of either could be severe. I acknowledge that the mine site at Chesaw, Washington is over 150 miles from Spokane.

Page 5 - OPINION AND ORDER

But the mine site is nearly 450 miles from this court, making travel to court to watch any arguments even more difficult. The importance of deciding this local controversy at home strongly weighs in favor of transfer.

That leaves OHA's concern about a transfer delaying a decision on its pending motion for a preliminary injunction. To allow sufficient time for the Eastern District of Washington to resolve the motion, Crown stipulated that if I transfer venue, it would not begin ground disturbing activities on the Buckhorn Access Project before September 15, 2007. I thank the company for this concession and ask it to follow through

## CONCLUSION

Federal Defendants' Motion to Transfer Venue (#23) is granted. The action is transferred to the Eastern District of Washington.

IT IS SO ORDERED.

Dated this ＿＿23rd＿＿ day of July, 2007.

    /s/ Garr M. King
Garr M. King
United States District Judge